The opinion of the court was delivered by
White, J.
The relator seeks by mandamus and prohibition to-compel the granting of a suspensive appeal'from an order directing the sale at public auction of certain real estate and movables, the property of the Citizens’ Savings Bank. The proceedings disclosed by the record are as follows : On October 2,1879, E. V. Hitch filed a petition alleging that the aforementioned corporation had by various acts, which were specifically enumerated, violated its charter, and prayed for judgment decreeing the forfeiture of defendant’s charter and for an inventory and the appointment of liquidators. On the same day, an answer was filed in the name of the defendant, denying that the charter bad been violated, but admitting the facts alleged, and concluding by submitting the case to the judgment of the court. Thereupon, on the same day, the following order was rendered :
*824 “ The foregoing petition, with the answer and the evidence therewith submitted, being duly considered, and being of opinion it is necessary an officer of the court do take charge of the property.and assets of the Citizens’ Savings Bank:
“ It is ordered that E. Y. Hitch and P. H. Legendre be and they are hereby appointed commissioners of said bank on their taking oath and giving bond, each in the sum of fifteen thousand dollars conditioned according to law. It is further ordered that Octave Morel, notary public, do take an inventory of the assets of said bank, and that George Palfrey and E. A. Luminais be appointed appraisers to value the same; and let all proceedings against said bank or its property be stayed.”
Yarious other proceedings were had, not pertinent to the present inquiry, and, on the 10th of October, the commissioners applied for authority to sell certain real estate and movable property, which was allowed. The relator, alleging and swearing that he was a large stockholder, having an interest exceeding five hundred dollars, and that the order to sell would illegally entail irreparable injury on him, asked a suspensive appeal; which being refused, aid of this jurisdiction was invoked.
In answer to the-alternative writs; the court a qua says the appeal was refused for, in substance, the following reasons :
1. Because the corporation having been previously placed in liquidation by the appointment of liquidators, the order of sale was simply an act of administration, and, therefore, not susoeptible of being.suspensively appealed from.
2. Because the relator, being a stockholder, was really a defendant, and could not by way of appeal frustrate or delay a previously ordered liquidation.
3. Because the order of sale was not a final judgment, and not an interlocutory one from which irreparable injury could result.
4. Because if any injury could result from the order of sale, the recourse of the relator was on the bond of the liquidators.
In considering the sufficiency of the return the inquiry is twofold: the first, as to the order of sale being not susceptible of a suspensive appeal in consequence of its having been rendered as an auxiliary or supplement to a previous decree of forfeiture and consequent liquidation ; the second, because of its interlocutory nature and the legal impossibility of irreparable injury flowing from it. We niust, as a matter of course, upon the first branch of the investigation examine the proceedings which are referred to by the answer, for the purpose, not of reviewing them, but of determining their nature as affecting the order from which the appeal was prayed and refused.
So doing, we conclude, as a matter of fact, that no such order as *825 one directing the liquidation of the affairs of the corporation was ever rendered. Two commissioners were appointed by the court to take charge of the property and assets of the Citizens’ Savings Bank. But these commissioners in the nature of things must have been intended, and in legal contemplation can only be considered, as custodians or quasi judicial sequestrators. R. S. 294. The forfeiture of the charter was a legal prerequisite to its liquidation, and no such decree seems to have been rendered. The order appointing the commissioners was rendered on the same day the petition was filed ; it was not in terms a decree of forfeiture, and it could not have legally so operated, as it was rendered in chambers and out of term, when the issue of forfeiture vel non was put in question by the answer. Bank vs. Dawson, 13 L. 506; 15 L. 26; 5 A. 179; 9 A. 265.
Taking this view of the proceedings, the second question is freed from serious difficulty. That a stockholder has an interest in preventing the sale of the property, real and personal, of the corporation by persons having no legal power or mandate so to do, does not brook discussion. That the sale of the assets whilst the corporation is yet in being by liquidators, so denominated, without legal warrant, may entail irreparable injury, seems equally clear. 22 A. 200. The fact that the corporator might seek recourse on the bond of the seeming liquidators is a demonstration of the right to the appeal. 12 A. 455.
The writs are made peremptory, with costs.